**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **MATHEW SMITH, On Behalf of Himself and All Others Similarly Situated,** | ) | **COLLECTIVE AND CLASS ACTION** |
| ***Plaintiff*****,** | ) | **CASE NO. 1:25-cv-2221________** |
| **v.** | ) | **JUDGE ___________________________** |
| **DJGN INDY, LLC, RICCI CULINARY HOLDING COMPANY, LLC, RICCI CULINARY MANAGEMENT GROUP, LLC, and TONY RICCI ,** | ) | **JURY DEMAND** |
| ***Defendants*****.** | ) | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

## I. INTRODUCTION

1. Plaintiff Mathew Smith ("Plaintiff") and all other similarly situated employees work or worked for Defendants DJGN INDY, LLC, Ricci Culinary Holding Company LLC, Ricci Culinary Management Group LLC, and Tony Ricci ("Defendants") at their restaurant located in Indianapolis, Indiana.

2. Plaintiff, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, et seq., to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendants; and (b) a Rule 23 class action under Indiana state law, including the Indiana Wage Payment Statute ("IWPS"), I.C. § 22-2-5-1, *et seq*.

3. Plaintiff, individually and on behalf of all others similarly situated, seeks to recover unpaid minimum and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendants, as well as liquidated and other non-wage damages, attorneys' fees, and

costs.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. This Court has jurisdiction over Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367.

6. Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## II. PARTIES

### A. Plaintiff

7. Plaintiff Smith is a resident of Indianapolis, Marion County, Indiana.

8. Defendants employed Plaintiff as a server at their Tony's Steaks & Seafood restaurant in Indianapolis, Indiana from approximately August of 2020 through June or July of 2024.

9. During his employment as a server, Plaintiff received hourly wages from Defendants less than both the federal and Indiana minimum wage rates plus tips.

### B. Defendant

10. Defendant DJGN Indy, LLC is an Indiana limited liability company doing business within this judicial district at 110 W. Washington Street, Indianapolis, Indiana 46204.

11. Defendant DJGN Indy, LLC's principal office address is 6405 Branch Hill Guinea Pike, Suite 203, Loveland, OH, 45140.

12. Defendant DGJN Indy, LLC's registered agent is Cogency Global, Inc. who can be served at 150 W. Market Street, Suite 400, Indianapolis, IN 46204.

13. Defendant DGJN Indy, LLC has at all relevant times been an employer within the meaning of the FLSA.

14. Defendant DGJN Indy, LLC has at all relevant times been an employer within the meaning of the IWPS.

15. Defendant Ricci Culinary Holding Company LLC is an Ohio limited liability company doing business within this judicial district and headquartered at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

16. Defendant Ricci Culinary Holding Company LLC's registered agent is Defendant Tony Ricci, who can be served at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

17. Defendant Ricci Culinary Holding Company LLC has at all relevant times been an employer within the meaning of the FLSA.

18. Defendant Ricci Culinary Holding Company LLC has at all relevant times been an employer within the meaning of the IWPS.

19. Defendant Ricci Culinary Management Group LLC is an Ohio limited liability company doing business within this judicial district and headquartered at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

20. Defendant Ricci Culinary Management Group LLC's registered agent is Defendant Tony Ricci, who can be served at 6405 Branch Hill Guinea Pike, Suite 203, Loveland, Ohio 45140.

21. Defendant Ricci Culinary Management Group LLC has at all relevant times been an employer within the meaning of the FLSA.

22. Defendant Ricci Culinary Management Group LLC has at all relevant times been

an employer within the meaning of the IWPS.

23. Defendants DJGN Indy, LLC, Ricci Culinary Holding Company LLC, and Ricci Culinary Management Group LLC are collectively referred to herein as the "Entity Defendants."

24. The Entity Defendants share a common corporate headquarters.

25. The Entity Defendants are owned by Defendant Tony Ricci.

26. The Entity Defendants share common management, including Defendant Tony Ricci, for example.

27. The Entity Defendants share a common business purpose in operating the four (4) Tony's restaurant locations, including the Tony's restaurant location in Indianapolis, Indiana.

28. The Entity Defendants share common and centralized employment and labor operations.

29. Defendant Tony Ricci is a citizen and resident of Loveland, Clermont County, Ohio.

30. Upon information and belief, Defendant Ricci may be served at 225 Joyce Lane, Loveland, Ohio 45140.

31. Defendant Ricci owns and operates the Entity Defendants and the Tony's restaurant in Indianapolis, Indiana.

32. Among other things, Defendant Ricci does the following, both directly and through the Entity Defendants:

a. oversees and controls day-to-day operations of the Entity Defendants and Defendants' Indianapolis Tony's restaurant;

b. sets all employment policies and practices, including compensation policies and practices for servers at Defendants' Indianapolis Tony's restaurant;

c. makes hiring and firing decisions at Defendants' Indianapolis Tony's restaurant;

d. disciplines employees at Defendants' Indianapolis Tony's restaurant;

e. conducted meetings with tipped employees at Defendants' Indianapolis, Indiana Tony's restaurant, as well as the locations in Ohio and Kentucky about prior lawsuits challenging the policies and practices at issue in this lawsuit;

f. acknowledged that he is an employer of the employees at each Tony's restaurant; and,

g. exercised custody and control over the employment records of tipped employees, including servers, at each Tony's restaurant.

33. Defendant Ricci has at all relevant times been an employer Plaintiff and similarly situated individuals who have worked at the Indianapolis Tony's restaurant within the meaning of the FLSA and the IWPS.

34. Together, all Defendants are a single employer of Plaintiff and similarly situated individuals who have worked at the Indianapolis Tony's restaurants within the meaning of the FLSA and the IWPS.

## III. FACTS

35. Plaintiff and those he seeks to represent in this action are current and former servers of Defendants at their Tony's Steaks & Seafood restaurant ("Tony's") in Indianapolis, Indiana, who earned less than the applicable federal and Indiana minimum wage rates per hour and received customer tips.

36. At all relevant times, Defendants paid Plaintiff and other servers an hourly wage below the federal and state minimum wage of $7.25 per hour.

37. Defendants purported to utilize a tip credit for each hour worked by Plaintiff and other servers to comply with the minimum wage obligations under the FLSA and IWPS.

38. Plaintiff and other servers at the Indianapolis Tony's restaurant must share a portion of their customer tips with back-of-house employees who do not interact with customers, namely,

service bartenders.

39. Defendants knew or should have known that their compensation practices and policies for Tipped Employees violate the FLSA and IWPS.

40. There have been several previous lawsuits related to how Defendants compensate their tipped employees at their Tony's restaurants.

41. In early April 2022, in response to one of those lawsuits, Defendant Ricci held meetings with tipped employees at his Tony's Steaks & Seafood restaurants in Lexington, Kentucky; Cincinnati, Ohio; and Indianapolis, Indiana.[1]

42. During those meetings, Defendant Ricci addressed tipped employees, including servers, regarding the pending lawsuits; urged them not to take legal action; made threatening and discouraging statements; disparaged the laws under which the claims were brought; and displayed general disregard and disdain for the legal requirements for paying tipped employees, including servers, pursuant to the tip credit provisions of the FLSA and applicable state laws.

## IV. COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following similarly situated employees:

> All current and former servers paid less than minimum wage plus tips at Defendants' Indianapolis, Indiana restaurant at any time from October 29, 2022, through the present.

(the "Collective Class").

44. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Collective Class, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

---

[1] Defendants' Bowling Green, Kentucky, Tony's restaurant location opened sometime in or around April 2023.

45. Plaintiff also asserts his wage claims under IWPS on behalf of the Collective Class, in the alternative to the class action claims under these provisions brought on behalf of the Rule 23 Class.

## V. CLASS ACTION ALLEGATIONS

46. Plaintiff brings his IWPS claims on his own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former servers paid less than minimum wage plus tips at Defendants' Indianapolis, Indiana restaurant at any time from October 29, 2023, through the present.

(the "Rule 23 Class").

47. Plaintiff is a member of the Rule 23 Class he seeks to represent.

48. Defendants have employed dozens of individuals as servers at their Indianapolis, Indiana, restaurant. Thus, the Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

49. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiff and the members of the Rule 23 Class he seeks to represent are subject to the same compensation and tip policies. As a result, the Rule 23 Class shares several factual and legal questions, including, for example: (1) whether Defendants require servers to share tips with back-of-house service bartenders; and (2) whether Defendants' sharing of the tips with service bartenders violates the IWPS.

50. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the minimum wage, overtime wage, and other requirements of the IWPS is not the result of any Plaintiff-specific circumstances. Rather, it arises from Defendants' common pay policies and practices, which Defendants applied generally to all its servers, including Plaintiff. Thus, in advancing his own claims, Plaintiff will also be advancing

the claims of the Rule 23 Class.

51. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class and Plaintiff has no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

52. By failing to pay servers all required minimum and overtime wages pursuant to its common pay practices and policies, Defendants have created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff is entitled to pursue his claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VI. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE MINIMUM AND OVERTIME WAGE REQUIREMENTS OF THE FLSA

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

55. Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

56. Defendants are employers covered by the FLSA.

57. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

58. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207. The

minimum overtime hourly wage is $10.88 per hour.

59. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

60. The FLSA prohibits employers from keeping tips received by employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

61. The FLSA prohibits employers from relying on the tip credit where employees' tips are shared with other employees who do not have more than *de minimis* customer interaction. 29 U.S.C. § 203(m).

62. Defendants require Plaintiff and the potential Opt-in Plaintiffs to share tips with back-of-house employees who do not interact with customers, namely, service bartenders.

63. As a result, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum and overtime wage obligations to Plaintiff and the Collective Class.

64. As such, Defendants have violated the FLSA by failing to pay Plaintiff and the Collective Class for all time worked at $7.25 per hour and all overtime hours worked at $10.88 per hour.

65. Plaintiff and members of the Collective Class are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

66. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II:**
**VIOLATION OF THE VIOLATION OF THE INDIANA WAGE PAYMENT STATUTE,**

**I.C. § 22-2-5-1, *et seq.***

67. All previous paragraphs are incorporated as though fully set forth herein.

68. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

69. In the alternative, Plaintiff asserts this claim on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

70. Plaintiff, the Collective Class, and the Rule 23 Class are employees entitled to the IWPS's protections.

71. Defendants are employers covered by the IWPS.

72. Defendants violated the IWPS, I.C. § 22-2-5-1, et seq., by failing to pay Plaintiff and all other similarly situated employees the amounts due for all wages to which they are entitled by operation of law.

73. By law, Plaintiff and all other similarly situated employees are due to be paid $7.25 per hour for all regular time worked (time up to 40 hours per week), and $10.875 for all overtime worked (time in excess of 40 hours per week).

74. Defendants paid Plaintiff and others similarly situated below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage. See 29 U.S.C. § 203(m)(2); 29 C.F.R. § 531.59(b).

75. In particular, Plaintiff and other similarly situated tipped employees' earned tips that were deducted by Defendants to pay other employees who do not have more than *de minimis* customer interaction.

76. Thus, by law, Defendants were not permitted to claim a tip credit, thereby bringing Plaintiff and all similarly situated employees' wages below the FLSA minimum for regular hours

and overtime hours worked.

77. Plaintiff and all other similarly situated employees seek to recover under the IWPS the difference between what they were paid by Defendants and the amount to which they were entitled by law. Plaintiff and all other similarly situated employees do not seek recovery of any further amounts they may be owed under any collective bargaining agreement or any other potential source of entitlement.

78. As a result of these practices, Defendants paid Plaintiff and all similarly situated employees less than the amount due under the law; that being $7.25 for all regular hours worked, and $10.875 for all overtime hours worked.

79. Defendants' actions and/or omissions were not in good faith.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. An order equitably tolling all claims in this action to April 4, 2022, or to the date of the meeting with Tipped Employees in which Tony Ricci discouraged the exercising of their rights under the FLSA and IWPS;

B. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

C. An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23;

D. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to members of the Collective Class;

E. Prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to the Rule 23 Class;

F. A finding that Defendants have violated the FLSA and the IWPS;

G. A finding that Defendants' violations of the FLSA and the IWPS are willful and not in good faith;

H. A judgment against Defendants and in favor of Plaintiff, the Collective Class, and the Rule 23 Class for compensation for all unpaid and underpaid wages and tips that Defendants have failed and refused to pay in violation of the FLSA and the IWPS;

I. A judgment against Defendants and in favor of Plaintiff, the Collective Class, and the Rule 23 Class for restitution for all earned tips kept by Defendants;

J. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

K. Liquidated damages, treble damages, and monetary penalties to the fullest extent permitted under the FLSA and IWPS;

L. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, the IWPS, and the Federal Rules of Civil Procedure; and,

M. Such other and further relief as this Court deems just and proper in equity and under the law.

## VIII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: October 29, 2025

Respectfully submitted,

/s/ David W. Garrison
David W. Garrison (TN Bar No. 24968)*
Joshua A. Frank (TN Bar No. 33294)*
Nicole A. Chanin (TN Bar No. 40239)*
**BARRETT JOHNSTON MARTIN & GARRISON, PLLC**
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202

Facsimile: (615) 647-9242
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

* *Pro Hac Vice* Admission to be applied for

*Attorneys for Plaintiff*

s/ Jason P. Cleveland
Jason P. Cleveland, #24126-53
CLEVELAND LEHNER CASSIDY
1901 Broad Ripple Ave.
Indianapolis, IN 46220
Tel: 317-388-5424
Fax: 317-947-1863
jason@clcattorneys.com

*Attorneys for Plaintiff*